COLUMBUS S. SCOFIELD vs. CHAUNCEY E. PECK & another.

Hampden.    September 23, 1902. — October 29, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Trust*, Construction, Resulting.

In a suit in equity seeking to have a certain fund in the hands of the defendant declared to be a resulting trust for the benefit of the plaintiff, it appeared, that the fund was derived from an agreement in writing made between the plaintiff and his wife, who had agreed to live separate and apart.  It provided, that in consideration of the plaintiff having that day assigned to the defendant a certain mortgage and note which the defendant was to hold for the benefit of the plaintiff's wife, the wife agreed that she would use the money so assigned to her for the support and care of their adopted child, and further agreed that she would so conduct herself toward the adopted child, that he would not in the future make demands upon the plaintiff for help or for any money for his support.  On the death of the wife, the adopted child came to live with the plaintiff, who brought this suit, contending that his late wife and not their adopted child was the *cestui que trust*, and that at his wife's death the unexhausted portion of the fund went to the plaintiff by way of resulting trust.  *Held*, that the instrument, although nugatory as an agreement, created a trust of which the adopted son and not the wife was the beneficiary, and that during the lifetime of the wife the fund was to be applied by her to the son's support; that therefore there was no resulting trust in the plaintiff and his bill could not be maintained.

BILL IN EQUITY seeking to establish a resulting trust in the plaintiff under the instrument stated by the court, amended from an action of contract.   Writ dated February 15, 1901, and bill filed by amendment allowed by the Superior Court October 10, 1901.

In the Superior Court the case was heard by *Maynard, J.*, who ordered that the bill be dismissed with costs, and made the further orders, mentioned at the end of the opinion, that the trustee's account be allowed and that the remaining funds in his hands be held to be expended by him for the support and care of Charles M. Scofield.   The plaintiff appealed.

*J. Barnes*, for the plaintiff.

*C. L. Gardner & C. G. Gardner*, for the defendants.

LORING, J.  This is a bill in equity seeking to have the defendant Peck directed to pay over to the plaintiff the pro-

ceeds of a mortgage note assigned to him by the plaintiff under the following circumstances :

In May, 1897, the plaintiff and his wife, Nellie M. Scofield, agreed to live separate and apart, and at that time executed this instrument in writing:

"In consideration that the said Columbus S. Scofield has this day assigned to Chauncey E. Peck a mortgage on property in Nebraska, securing a note of $1,200, which the said Peck is to hold for the benefit of said Nellie M. Scofield, the said Nellie M. Scofield hereby agrees that she will use said money so assigned to her for the support and care of the adopted child of the parties, to wit: Charles M. Scofield.

". And she further agrees that she will so conduct herself towards said Charles M. Scofield that he will not in the future make demands upon the said Columbus S. Scofield for any help or for any money for his support."

The mortgage note in question was assigned to the defendant Peck in pursuance of the foregoing instrument, and both the instrument and the note were delivered to him at that time. Peck has collected the note, and after spending a portion of the proceeds "in accordance with the provisions of said trust," has in his hands a balance of $1,217.09, to which he makes no claim for his own benefit.

Mrs. Scofield died in February, 1899 ; while she lived Charles lived with her. Since December, 1899, Charles has lived with the plaintiff "at the plaintiff's home in Richford, in the State of Vermont," and it is found by the judge "that the laws of the State of Vermont in regard to the support of minor children, whether natural or adopted, are substantially the same as in Massachusetts."

The plaintiff's claim is that Mrs. Scofield was the *cestui que trust* of the trust fund and not Charles M. Scofield, that the trust was for the limited purpose of supplying her with a fund with which to care for the child, and that having ended by her death without the trust fund having been exhausted, the fund goes to the plaintiff by way of a resulting trust. But we are of opinion that by the true construction of the instrument, which states the terms of the trust on which the mortgage note is held, although it is nugatory as an agree-

ment, Charles M. Scofield is the beneficiary of the trust.    It is true that it is there stated that the defendant Peck "is to hold [the fund] for the benefit of said Nellie M. Scofield," but that clause must be taken in connection with the rest of the instrument, in which it was provided that all the proceeds should be used by Mrs. Scofield for the support of Charles; and it was further provided that the plaintiff should not be thereafter answerable for the support of Charles and that his wife should be alone answerable therefor.

Taken as a whole, we are of opinion that Charles is the true beneficiary, and that the true interpretation of the clause we have referred to is that during the lifetime of Mrs. Scofield the trust fund was to be applied by her to the child's support.

The only issue in this cause was the plaintiff's rights in the fund.    The bill was properly dismissed; but so far as the decree undertakes to go beyond that and to pass upon the correctness of the trustee's account and to allow it, and to direct the defendant Peck to hold the fund in trust for Charles M. Scofield, it dealt with matters not before the court.

*Decree dismissing bill affirmed.*